The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 18 2023

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-30378 |
| | ) | |
| Demia Fayne | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

## NOTICE OF OPPORTUNITY TO OBJECT PRIOR TO ENTRY OF *SUA SPONTE* ORDER REOPENING CHAPTER 7 CASE

This case comes before the Court *sua sponte* upon its own initiative and review. Debtor commenced this Chapter 7 case on March 9, 2023, with the filing of the Chapter 7 Voluntary Petition for Individuals [Doc. #1]. The Order of Discharge [Doc. #15], was entered on June 29, 2023, and the Final Decree [Doc. #17] closed the case on July 11, 2023. On October 2, 2023, after the closing of the case, Debtor filed a Motion for Contempt [Doc. #18].

Creditors that violate the discharge injunction of §524(a) are subject to contempt of the court that issued the discharge order. *See*, *In re Orlandi*, 612 B.R. 372, 381 (B.A.P. 6th Cir. 2020)(citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000)); *Lohmeyer v. Alvin Jewelers (In re Lohmeyer)*, 365 B.R. 746, 749 (Bankr. N.D. Ohio 2007). A debtor may therefore enforce the discharge injunction through traditional contempt proceedings. *Pertuso*, 233 F.3d at 421("[T]he traditional remedy for violation of an injunction lies in contempt proceedings...."). Although alleged violations of the discharge order are sometimes brought by filing an adversary proceeding, a Motion for Contempt is the procedurally appropriate vehicle for

raising this issue. *See e.g.*, *In re Whitaker*, 2013 WL 2467932, 2013 Bankr. LEXIS 2328 (Bankr. E.D. Tenn. June 7, 2013)(discussing cases holding that adversary proceedings are permitted, and other cases holding that only a Motion for Contempt is procedurally proper.).

There appears to be a split of authority as to whether or not the underlying bankruptcy case needs to be reopened when an action for contempt of the discharge injunction is brought in a closed case.

Collier on Bankruptcy states:

> The debtor may seek to reopen the case to enforce the discharge injunction of section 524(a) after a creditor has attempted to collect a discharged debt. . . . In these situations, which do not concern administration of the case, a motion to reopen may not be necessary for the court to render a decision: these issues are clearly within the court's jurisdiction under section 1334 of title 28. However, many courts require that a motion to reopen be filed, if only to provide a mechanism to instruct the clerk to retrieve the case file from storage.

3 *Collier on Bankruptcy*, ¶350.03[4] (16th ed. 2023), *see also*, *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896 (9th Cir. BAP 1999)(reopening not necessary for court to exercise jurisdiction not relating to administration); *In re Fierro*, 2023 WL 4102073, 2023 Bankr. LEXIS 1598 (Bankr. N.D. Ga. June 20, 2023)(the court "will treat the Motion for Relief as a Motion regarding the Discharge Injunction and there is no need to reopen this bankruptcy case.").

While retrieval of physical case files harks back to a bygone bankruptcy era, not reopening the Chapter 7 case may cause confusion, or problems using the electronic docket, if this litigation proceeds in a closed case. For example, the bankruptcy court's filing software will pop-up a "warning" when a party attempts to docket a pleading in a closed case. This may confuse litigants, even if there is no legal requirement that the underlying bankruptcy case be reopened.

While some bankruptcy courts have acknowledged that reopening is not necessary, it nevertheless may be appropriate to resolve any potential questions, or out of an "abundance of caution." *See*, *In re Ohai*, 2023 WL 5439801 (Bankr. N.D. Ga. Aug. 23, 2023)("In the Motion, Delta argues the Court should dismiss the complaint because Plaintiff's bankruptcy case was closed 10 years ago. While reopening is not required, the Court nevertheless entered an order on July 14, 2023 reopening the bankruptcy case, thus mooting the argument about whether the Court should reopen the case."); *In re Doar*, 234 B.R. 203, 207 (Bankr. N.D. Ga. 1999)("Although this Court does not believe that the reopening of the case is necessary . . . out of an abundance of caution, the Court will order that the case be reopened. . . .").

Although the language of Federal Rule of Bankruptcy Procedure 5010 states that a "debtor or other party in interest" may move to reopen a case, bankruptcy courts have reopened bankruptcy

cases *sua sponte*. *See*, *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 248 n.10 (3d Cir. 2007)("[W]e point out that it was within the bankruptcy judge's discretion to reopen the bankruptcy case *sua sponte*. . ."); *In re American Remanufacturers, Inc.*, 439 B.R. 633, 636 (Bankr. D. Del. 2010); *Leach v. Buckingham (In re Leach)*, 194 B.R. 812, 815 (E.D. Mich. 1996); *In re Searles*, 70 B.R. 266, 271 (D.R.I. 1987); *In re Potter*, 2021 WL 4494263 at *6, 2021 Bankr. LEXIS 2728 at **13-14 (Bankr. D.N.J. Sept. 30, 2021); 3 *Collier on Bankruptcy*, ¶350.03[8] (16th ed. 2021)("In addition, the bankruptcy court may reopen a case *sua sponte*.").

It should also be noted that the case law recognizes that "[t]he reopening of a case is of no independent legal significance or consequence." *In re Killmer*, 501 B.R. 208, 211 (Bankr. S.D.N.Y. 2013), *quoting*, *Leach*, 194 B.R. at 815). Or, as Collier states: "[A]n order reopening a case does not itself give substantive relief. The order merely gives the movant an opportunity to request substantive relief." Bankruptcy Rule 5010 specifically states that "a trustee shall not be appointed" unless the court determines that a trustee is necessary.

Perhaps in recognition of the procedural or "ministerial" nature of reopening, the Bankruptcy Code and the Bankruptcy Rules do not contain a specific notice requirement for a motion to reopen. *See*, *In re Dawald*, 2023 WL 2940484 at *3, 2023 Bankr. LEXIS 1018 at *7 (Bankr. D. Or. April 13, 2023)(" Neither §350 nor Rule 5010 requires service or notice of a motion to reopen."); *Menk*, 241 B.R. at 914.

Be that as it may, out of the same abundance of caution discussed above, the court provides the Debtor and LGM Co. Inc. with Notice that, absent any Objection(s) filed within 14 days from the date of this Notice, the court intends to enter an Order reopening the above captioned case *sua sponte*, without requiring the payment of a filing fee.

**IT IS THEREFORE ORDERED** that any Objection(s) to this Chapter 7 Case being reopened must be filed within 14 days from the date of this Notice.

**IT IS FURTHER ORDERED** that Debtor's Motion for Contempt [Doc. #18], will be scheduled for hearing by separate Order of the Court.